UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK - BROOKLYN DIVISION

---------------------------------------------------------------X        Case No. 1-23-42457-ess

In Re:

ROSEMARIE LOPA,                                                                    Chapter 11

               Debtors.
---------------------------------------------------------------X

**<u>OBJECTION TO DEBTOR'S MOTION TO RECLASSIFY CLAIM NO. 14 AND AVOID LIEN AGAINST REAL PROPERTY</u>**

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR2 ("<u>Creditor</u>"), through its loan servicer, PHH Mortgage Corporation ("<u>PHH</u>"), hereby filed this *Objection to Debtor's Motion to Reclassify Claim No. 14 and Avoid Lien Against Real Property* ("<u>Objection</u>"), with respect to certain real property of the Debtor having an address of 454 Edinboro Road, Staten Island, NY 10306 (the "<u>Property</u>"). In further support of this Objection, the undersigned respectfully states the following under penalty of perjury:

### I.    STATEMENT OF FACTS

**A.  THE SUBJECT LOAN**

1.    Frank Lopa ("<u>Borrower</u>") has executed and delivered or is otherwise obligated with respect to that certain Adjustable Rate Note in the original principal amount of $650,000.00 (the "<u>Note</u>").

2.    Pursuant to that certain Mortgage (the "<u>Mortgage</u>"), all obligations (collectively, the "<u>Obligations</u>") of the Borrower under and with respect to the Note and Mortgage are secured by the Property. (*See* Claim No. 14-2).

3.    All rights and remedies under the Mortgage have been assigned to the Creditor pursuant to that certain assignment of Mortgage. (*See* Claim No. 14-2).

**B. PROCEDURAL HISTORY**

4. On July 12, 2023, the Debtor, Rosemarie Lopa (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code and was assigned case number 1-23-42457-ess (the "Bankruptcy Case"). (*See* Dkt No. 1).

5. Debtor valued the Property at $1,106,100.00 on her sworn Bankruptcy Schedule D. (*See* Dkt No. 1).

6. On December 21, 2023, Creditor filed an *Amended Proof of Claim* ("Claim") listing a secured claim of $1,370,203.52, including pre-petition arrears of $861,519.48. (*See* Claim No. 14-2).

7. On May 29, 2024, Debtor filed a *Motion to Reclassify Claim No. 14 and Avoid Lien Against Real Property* ("Motion to Value") seeking to bifurcate Creditor's Claim into a secured and unsecured portion under §506. (Dkt No. 64). Debtor alleged the Property has a value of $730,000 pursuant to an appraisal dated April 19, 2024, completed by Realty Appraisal Service. Further, Debtor seeks an order "voiding" the alleged unsecured portion of the claim. The Appraisal attached to the Motion to Value was ordered by a non-filing party, the Debtor's son, Frank Lopa. The Appraisal states the Property is "owner occupied."

8. The Debtor did not file an Affidavit signed by the Appraiser.

9. To date, the Court has yet to approve an Application to Employ the Appraiser as a professional of the estate.

10. To date, the Debtor has failed to file a Report of Disinterested Party regarding the Appraiser and the connection to the Debtor and/or her family members who appears to reside at the Property.

## II.     ARGUMENT

A.     **CREDITOR OBJECTS TO THE DEBTOR'S MOTION TO VALUE**

11.     11 U.S.C. § 506(a)(1) provides that an allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property.

12.     In the Motion to Value, Debtor alleges the Property has a value of $730,000.00 pursuant to an appraisal dated April 19, 2024, completed by Realty Appraisal Service. The Debtor seeks to bifurcate Creditor's Claim into a secured and unsecured portion under §506 and then void the unsecured claim. (Dkt No. 64).

13.     First, Creditor asserts the Debtor's proposed valuation is premature as the Debtor has yet to file a Disclosure Statement or Chapter 11 Plan. The appropriate date for valuing the Property is at the time of confirmation. Creditor asserts the Property must be valued as of the confirmation date. 11 U.S.C. § 1129(b)(2)(A)(i)(II) provides that for a secured creditor to receive *fair and equitable* claim treatment it must received deferred cash payments of a value, ***as of the effective date of the plan***, of at last the value of the collateral. Since modification of claims occurs only through debtors' plan, it is at confirmation that the bankruptcy court considers whether proposed modifications comply with the requirements for confirmation." *In re Abdelgadir,* 455 B.R. 896 (9th Cir. BAP 2011).

14.     Here, the Debtor has yet to file a Plan. As a result, the court should decline to value the collateral until a date closer to confirmation of the (yet to be filed) Plan. For instance, it could be months or years until the Debtor is prepared to confirm a Plan. In the meantime, the value of the collateral may increase significantly. To the extent the Court determines a current Property valuation is appropriate, Creditor reserves its right to seek to re-value the Property as of the confirmation date.

15.     Second, Creditor believes the value of the Property is significantly higher than Debtor's proposed valuation. For instance, Debtor admitted the Property had a value of at least

$1,106,100.00 on Bankruptcy Schedule D. (Dkt No. 1). Accordingly, Creditor requests an opportunity to obtain an updated interior appraisal report to verify Debtor's proposed valuation. In addition, Creditor requests Debtor's cooperation in allowing access to the Property to complete the appraisal report. **To date, the Debtor and/or her adult children residing in the Property, have yet to grant Creditor's appraiser access to the Property despite repeated requests for an inspection appointment**. As a result, Creditor reserves its right to supplement this Opposition with additional evidence of value, including an updated interior appraisal report and declaration from its appraiser. To the extent Debtor seeks to reduce Creditor's claim below the fair market value of the Property, the Motion to Value and subsequent claim treatment in a Plan would violate §506(a).

16. Third, the Debtor's valuation is unsupported by an Affidavit of the Appraiser or any other authenticated evidence.

17. Fourth, the Court has yet to approve an Application to Employ the Appraiser as a professional of the estate. It appears the Appraisal was ordered by, and paid for by Debtor's son and/or daughter, who reside in the Property and have been the parties funding the ongoing mortgage payments, , which presents a potential conflict.

18. Fifth, it is unclear if the Debtor currently resides at the Property. Debtor's Appraisal Report indicates the Property is occupied by the owner. In the event the Debtor occupies the Property as a principal residence, Debtor is prohibited from bifurcating the Claim to the alleged value of the Property or otherwise modifying the Claim in the Plan. 11 U.S.C. §1123(b)(5). While the anti-modification rule is an issue reserved for confirmation, Creditor asserts the Debtor's proposed valuation will require the Debtor to address the issue prior to confirming the Plan.

19. Sixth, it appears the purpose of the valuation is to bifurcate Creditor's Claim of $1,370,203.52 into a secured claim of $730,000.00 and an unsecured claim of $640,203.52 in a proposed Chapter 11 Plan. Creditor would object to the proposed plan treatment due to the violation of the absolute priority rule. Pursuant to 11 U.S.C. §1129(b)(2)(B) a plan is fair and equitable with respect to a class of unsecured creditors if they are paid in full or no junior class

retains any interest in estate property except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115, subject to the requirements of subsection (a)(14). This provision is commonly known as the absolute priority rule.

20. In this case, Creditor's security interest in the Property is senior to the Debtor's interest in the Property. The Debtor suggests the Claim will be bifurcated into a secured and unsecured portion in the Plan. It appears Debtor will attempt to retain an interest in the Property as a junior class member without paying unsecured claims in full. Unless the unsecured class will be paid in full, the Plan will violate the absolute priority rule. While the absolute priority rule is an issue reserved for confirmation, Creditor asserts the Debtor's proposed valuation will require the Debtor to address the issue prior to confirming the Plan.

21. Seventh, the Debtor requested an order "voiding" the alleged unsecured portion of Creditor's Claim. However, such relief may only be granted following entry of a confirmation order and subsequent discharge (or via an Adversary Proceeding), none of which is pending before this Court.

22. Finally, regardless of the Court's valuation of the Property, Creditor reserves its right to make an election under 11 U.S.C. §1111(b), entitling Creditor to a fully secured Claim in the Plan.

**WHEREFORE**, Creditor respectfully requests:

1. That the Motion to Value be denied;

2. That the Court order the Debtor to immediately grant Creditor access to the Property to complete an interior appraisal;

3. In the alternative, that the Court postpone any valuation of the Property until a date closer to confirmation of the Plan;

4. In the alternative, that the Court continue the hearing on the Motion to Value to allow Creditor to complete an interior appraisal report; and

5. For such other and further relief as this Court deems just and proper.

Dated: July 5, 2024

                                                  Respectfully submitted,

                                                  */s/ Jenelle Arnold*
                                                  Jenelle Arnold
                                                  Attorney for Creditor
                                                  Aldridge Pite, LLP
                                                  3333 Camino Del Rio South
                                                  Suite 225
                                                  San Diego, CA 92108
                                                  Telephone: (858) 750-7600
                                                  Facsimile: (619) 590-1385
                                                  Email: JArnold@aldridgepite.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK - BROOKLYN DIVISION

---------------------------------------------------------------X    Case No. 1-23-42457-ess

In Re:

                                                   Chapter 11

ROSEMARIE LOPA,

                Debtor.                          **CERTIFICATE OF SERVICE**

---------------------------------------------------------------X

       The undersigned hereby certifies that I caused a copy of the Objection to Debtor's Motion to Reclassify Claim No. 14 and Avoid Lien Against Real Property to be served via electronic means and/or mailed by U.S. Mail on July 5, 2024 to the parties listed below:

Rosemarie Lopa
Frank Lopa
283 Nugent Street
Staten Island, NY 10306
(via U.S. Mail)

Frank Lopa
454 Edinboro Road,
Staten Island, NY 10306

Alla Kachan
Law Offices of Alla Kachan P.C.
2799 Coney Island Avenue
Ste Unit 202
Brooklyn, NY 11235
alla@kachanlaw.com
(via electronic notice and Email)

Department of Justice
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408
USTPRegion02.BR.ECF@usdoj.gov
(via electronic notice and Email)

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Citibank/The Home Depot
Citicorp Cr Srvs/Centralized
Bankruptcy
Po Box 790040
St Louis, MO 63179

Costco Citi Card
Attn: Bankruptcy
Po Box 6500
Sioux Falls, SD 57117

Credit One Bank
Attn: Bankruptcy Department
6801 Cimarron Rd
Las Vegas, NV 89113

Genesis FS Card Services
Attn: Bankruptcy
Po Box 4477
Beaverton, OR 97076

Kohls/Capital One
Attn: Credit Administrator
Po Box 3043
Milwaukee, WI 53201

Macys/fdsb
Attn: Bankruptcy
9111 Duke Boulevard
Mason, OH 45040

Nationstar Mortgage
P.O. Box 60516
City of Industry, CA 91716

Synchrony Bank/Gap
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896

Synchrony Bank/Lowes
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896

Synchrony Bank/TJX
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896

Target NB
C/O Financial & Retail Services
Mailstop BT PO Box 9475
Minneapolis, MN 55440

Volkswagen Credit, Inc
Attn: Bankruptcy
Po Box 3
Hillsboro, OR 97123

Volvo Car Financial Services
Atn: Bankruptcy
Po Box 91300
Mobile, AL 36691

Respectfully submitted,

/s/Jenelle C. Arnold
By: JENELLE C. ARNOLD
Aldridge Pite, LLP
3333 Camino del Rio South, Suite 225
San Diego CA 92108
Telephone: (858) 750-7600
Facsimile:
Email: jarnold@aldridgepite.com