UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK - BROOKLYN DIVISION

---------------------------------------------------------------X    Case No. 1-23-42457-ess

In Re:

ROSEMARIE LOPA,    Chapter 11

        Debtors.

---------------------------------------------------------------X

**OBJECTION TO APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF CHAPTER 11 PLAN**

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR2 ("Creditor"), through its loan servicer, PHH Mortgage Corporation ("PHH"), hereby files this *Objection to Approval of Disclosure Statement and Confirmation of Chapter 11 Plan* ("Objection"), with respect to certain real property of the Debtor having an address of 454 Edinboro Road, Staten Island, NY 10306 (the "Property"). In further support of this Objection, the undersigned respectfully states the following under penalty of perjury:

        **I.    STATEMENT OF FACTS**

   A.  **THE SUBJECT LOAN**

    1.    Frank Lopa ("Borrower") has executed and delivered or is otherwise obligated with respect to that certain Adjustable Rate Note in the original principal amount of $650,000.00 (the "Note").

    2.    Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Borrower under and with respect to the Note and Mortgage are secured by the Property. (*See* Claim No. 14-2).

    3.    All rights and remedies under the Mortgage have been assigned to the Creditor pursuant to that certain assignment of Mortgage. (*See* Claim No. 14-2).

**B. PROCEDURAL HISTORY**

4. On July 12, 2023, the Debtor, Rosemarie Lopa (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code and was assigned case number 1-23-42457-ess (the "Bankruptcy Case"). (*See* Dkt No. 1).

5. Debtor originally valued the Property at $1,106,100.00 on Bankruptcy Schedule D. (*See* Dkt No. 1). Pursuant to the Debtor's Schedules, the Debtor owns a second property located at 283 Nugent St Staten Island, NY, valued at $2,136,300, with a mortgage claim of $5,600,000.00. Debtor listed no leases on Schedule G to suggest either property is rented or producing income. Pursuant to Debtor's Schedule I, the Debtor is unemployed and draws $1,972.00 from social security each month. (*See* Dkt No. 1).

6. On December 21, 2023, Creditor filed an *Amended Proof of Claim* ("Claim") listing a secured claim of $1,370,203.52, including pre-petition arrears of $861,519.48. (*See* Claim No. 14-2). The Claim listed monthly post-petition payments of $5,139.29 per month, which includes an escrow impound of $1,076.36 per month. (*See* Claim No. 14-2).

7. On February 9, 2024, Creditor filed its *Motion for Relief from the Automatic Stay* ("Motion for Relief"). (Dkt No. 37). The Motion For Relief requested relief from the automatic stay under §362(d)(1) based on the large payment default of <$843,726.52>; and under §362(d)(2) based on the lack of equity in the Property (balance of $1,427,063 vs. Debtor's alleged value of $1,106,100).

8. On April 23, 2024, Creditor filed a *Motion to Dismiss the Case* ("Motion to Dismiss") on the grounds that: (i) Debtor has failed to propose a confirm a Chapter 11 Plan within a reasonable period of time; and (ii) there is no reasonable likelihood of a successful reorganization, and a continuing loss to the estate. (Dkt No. 55).

9. On May 29, 2024, Debtor filed a *Motion to Reclassify Claim No. 14 and Avoid Lien Against Real Property* ("Motion to Value") seeking to bifurcate Creditor's Claim into a secured and unsecured portion under §506. (Dkt No. 64). Debtor alleged the Property has a value of

$730,000.00.

10. On July 5, 2024, Creditor filed an *Opposition to the Debtor's Motion to Value*. (Dkt No. 74).

11. On July 12, 2024, Debtor filed a *Disclosure Statement and Chapter 11 Plan* ("Plan"). (Dkt. Nos. 77-78). The Plan listed Creditor's Claim in Class 2. The Plan simply states the Debtor filed a Motion to Reclassify the Claim of PHH (aka the Motion to Value). The Plan provides no payment for the secured or unsecured claim. Further, the Plan fails to address the interest rate, loan term, payment amounts, payment dates, and escrow. It is unclear when Creditor's secured claim will be paid.

12. The Disclosure Statement contains no information regarding this history of the Debtor, how the Debtor will be pay secured and unsecured claims with little to no income, a cash flow analysis, liquidation analysis, financial projections, profit and loss statements, or other details regarding the Debtor's business operation. Rather, the Disclosure Statement states the Debtor will pay claims with social security and family contributions.

13. On August 13, 2024, Creditor filed a *NOTICE OF ELECTION UNDER 11 U.S.C. §1111(b)* ("1111(b) Election"). (Dkt No. 86).

## II.    ARGUMENT

### A. THE DISCLOSURE STATEMENT FAILS TO CONTAIN ADEQUATE INFORMATION AS REQUIRED BY 11 U.S.C. § 1125(a)(1)

14. Section 1125 of the Bankruptcy Code requires that a disclosure statement contain adequate information that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about a Chapter 11 Plan. 11 U.S.C. § 1125(a)(1). In determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information. *Id.* Further, Section

1125(b) provides that acceptance or rejection of a proposed plan of reorganization may not be solicited unless the holder of a claim or interest to whom the solicitation is made is provided with the proposed plan or summary thereof and "a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information." 11 U.S.C. §1125(b). "If, on the face of the plan, the plan could not be confirmed, then the Court will not subject the estate to the expense of soliciting votes and seeking confirmation." *In re Pecht*, 57 B.R. 137, 139 (Bankr. E.D. Va. 1986); *see also*, *In re Cardinal Congregate I*, 121 B.R. 760, 764 (Bankr. S.D. Ohio 1990) (disapproval of the adequacy of a disclosure statement may be appropriate "where it describes a plan of reorganization which is so fatally flawed that confirmation is impossible."). In order for a Plan to be confirmed, the Plan proponent bears the burden of proof with respect to each and every element of Bankruptcy Code § 1129(a).

15. First, the Plan simply states Debtor filed a Motion to Value. The Plan provides no payment for the secured or unsecured claim. With respect to the secured claim, the Plan fails to address the interest rate, loan term, payment amounts, and payment dates. It is unclear when or how Creditor's secured claim will be paid.

16. Second, as Creditor filed an §1111(b) Election, Debtor is prohibited from bifurcating the Claim into a secured and unsecured portion. The Plan must be amended to treat the Claim of $1,370,203.52 as fully secured and paid in full within the Plan term.

17. Third, the Disclosure Statement and Plan fail to address the payment of taxes and hazard insurance for the Property going forward.

18. Fourth, the Disclosure Statement contains no information regarding the Debtor's current income, prior income, cash flow, profit and loss statements, or liquidation analysis.

19. Fifth, while the Debtor alleged the Plan will be funded from social security and

family contributions, the Disclosure Statement and Plan contain no information regarding the identity of the family member, the amount of the alleged contribution, the duration of the alleged contribution, the ability of the family member to make ongoing contributions, and an affidavit from the family member regarding the alleged commitment to fund the Plan.

20. Finally, as outlined below, there are multiple confirmation issues, which Debtor must address including the lack of feasibility.

21. Based on the above, the Disclosure Statement contains inadequate information and approval must be denied.

### B. THE PLAN MUST BE AMENDED TO PROVIDE FOR CREDITOR'S §1111(B) ELECTION

22. On August 13, 2024, Creditor filed a §1111(b) Election. (Dkt No. 86). As a result, the Plan must be amended to provide for Creditor's fully secured in the Plan.

23. Pursuant to §1111(b), Creditor's Claim must be treated as **fully secured** in any Chapter 11 Plan, plus any post-petition escrow advances or recoverable fees. After a creditor has made the §1111(b) election, it <u>must receive</u>: (1) deferred payments equal to *at least* the full amount of its allowed secured claim; *and* (2) with a present value equal to *at least* the value of the subject property. §1129(b)(2)(A)(i)(II); *In re Brice Road Developments, LLC*, 392 B.R. 274, 284-85 (6th Cir. BAP 2008); *In re Weinstein*, 227 B.R. 284, 295 n. 12 (9th Cir. BAP 1998). Further, the 1111(b) Election permits a creditor to retain its fully secured claim, including post-petition attorneys' fees, escrow advances, and other costs recoverable under the applicable loan agreement, less any post-petition interest. *In re SNTL Corp.*, 571 F.3d 826 (9th Cir. 2009).

24. <u>At a minimum</u>, Creditor is entitled to its fully secured claim of $1,370,203.52 in the Plan. As the Plan fails to provide for Creditor's fully secured Claim, confirmation must be denied.

## C. THE PLAN LACKS FEASIBILITY

25. Pursuant to 11 U.S.C. §1129(a)(11), the Court is required to find that "confirmation is not likely to be followed by the liquidation or the need for further financial reorganization of the debtor...." The widely accepted application of this section is stated within the Second Circuit decision of *Chase Manhattan Mortgage and Realty Trust v. Bergman (In re Bergman),* 585 F.2d, 1171, 1179 (2nd Cir. 1978), wherein the Court stated:

> Under the test of feasibility, the court "used the probability of actual performance of the provisions of the plan. Sincerity, honesty, and willingness are not sufficient to make a plan feasible, and neither are visionary promises. The test is whether the things which are to be done after confirmation can be done as a practical matter under the facts."

*Chase Manhattan Mortgage and Realty Trust v. Bergman (In re Bergman),* 585 F.2d, 1171, 1179 (2nd Cir. 1978). "The bankruptcy court has an obligation to scrutinize the plan carefully to determine whether it offers a reasonable prospect of success and is workable." *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1382 (9th Cir. 1985). To establish feasibility, the plan proponent must demonstrate concrete evidence of a sufficient cash flow to fund and maintain both its operations and obligations under the Plan. *S &P, Inc. v. Pfeifer*, 189 B.R. 173, 183 (N.D. 1995) (quoting *In re SM 104 Ltd.*, 160 B.R. 202, 234 (Bankr. S.D. Fla. 1993)).

26. Title 11 U.S.C. §1123(a) states that a Plan shall provide adequate means for its implementation. The absence of an adequate means of implementation demonstrates a lack of good faith under Section 1129(a)(3), thereby precluding confirmation of a Chapter 11 Plan. *In re Walker*, 165 B.R. 994, 1003 (Bankr. E.D. Va. 1994). Debtor must have more than visionary promises and willingness, Debtor must demonstrate concrete evidence of a sufficient cash flow to fund and maintain both his operations and obligations under a proposed Chapter 11 Plan. *See S&P,*

*Inc. v. Pfeifer*, 189 B.R. 173, 183 (N.D. Ind. 1995) (quoting *In re SM 104 Ltd.*, 160 B.R. 202, 234 (S.D. Fla.1993)).

27. Retaining property that is not producing net income is evidence of bad faith and such a plan should not be confirmed. *See In re Lindsey*, 122 B.R. 157 (Bankr. M.D. Fla. 1991) ("[T]he court may not and should not permit the debtors to use a [plan] to retain and increase their equity in investment property at the expense of their unsecured creditors."); *see also Loop Corp. v. United States Trustee*, 379 F.3d 511, 515-16 (8th Cir. 2004) (properties must generate positive cash flow to justify retention; negative cash flow alone is cause to dismiss or convert under § 1112(b)).

28. Here, the Plan and Disclosure Statement fail to address the feasibility of the Plan. The Debtor failed to provide historical data regarding the Debtor's income or business, including a cash flow analysis, liquidation analysis, financial projections, profit and loss statements, or other details regarding the Debtor's finances. Rather, the Disclosure Statement states the Debtor will pay claims with social security and family contributions. The Disclosure Statement and Plan contain no information regarding the identity of the family member, the amount of the alleged contribution, the duration of the alleged contribution, the ability of the family member to make ongoing contributions, and an affidavit from the family member regarding the alleged commitment.

29. Further, it is clear the Debtor lacks the income to pay the Claim of $1,370,203.52 in full under the 1111(b) Election, or maintain other expenses such as taxes and insurance. Pursuant to Debtor's Schedule I, the Debtor is unemployed and draws $1,972.00 from social security each month. However, the Claim listed monthly post-petition payments of $5,139.29 per month, which includes an escrow impound of $1,076.36 per month. (*See* Claim No. 14-2). As discussed above, the Claim must be paid in full under the §1111(b) Election. As a result, the Debtor lacks the income

to maintain monthly mortgage payments, or pay the Claim/Arrears in full.

30. In addition, Debtor alleged in the Motion to Value that the Property has a value of only $730,000.00, which Creditor disputes. Either way, there is no equity in the Property to support or sale or refinance. Likewise, the Debtor's other real property contains no equity for the benefit of the estate. Pursuant to the Debtor's Schedules, the Debtor owns a second property located at 283 Nugent St Staten Island, NY, valued at $2,136,300, with a mortgage claim of $5,600,000.00. Debtor listed no leases on Schedule G to suggest either property is rented or producing income.

31. Based on the lack of income to fund a Plan and pay secured and unsecured claims, there is no likelihood of a successful reorganization as any Plan will lack feasibility 11 U.S.C. § 1129(a)(11). Section 1129(a)(11) requires that confirmation is not likely to be followed by liquidation or the need for further reorganization unless the plan proposes it.

**WHEREFORE**, Creditor prays that this Court issue an Order

1. Denying Approval of the Disclosure Statement; and
2. Denying Confirmation of the Plan; and
3. Such other relief as the Court deems just and proper.

Dated: August 15, 2024

Respectfully submitted,

*/s/ Jenelle Arnold*
Jenelle Arnold
Attorney for Creditor
Aldridge Pite, LLP
3333 Camino Del Rio South
Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
Email: JArnold@aldridgepite.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK - BROOKLYN DIVISION

---------------------------------------------------------------X    Case No. 1-23-42457-ess

In Re:

                                                                   Chapter 11

ROSEMARIE LOPA,

                Debtor.    **CERTIFICATE OF SERVICE**
---------------------------------------------------------------X

        The undersigned hereby certifies that I caused a copy of the Objection to Approval of DSisclosure Statement and Confirmation of Chapter 11 Plan to be served via electronic means and/or mailed by U.S. Mail on August 15, 2024 to the parties listed below:

| | |
|---|---|
| Rosemarie Lopa<br>Frank Lopa<br>283 Nugent Street<br>Staten Island, NY 10306<br>(via U.S. Mail) | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130 |
| Frank Lopa<br>454 Edinboro Road,<br>Staten Island, NY 10306 | Chase Card Services<br>Attn: Bankruptcy<br>P.O. 15298<br>Wilmington, DE 19850 |
| Alla Kachan<br>Law Offices of Alla Kachan P.C.<br>2799 Coney Island Avenue<br>Ste Unit 202<br>Brooklyn, NY 11235<br>alla@kachanlaw.com<br>(via electronic notice and Email) | Citibank/The Home Depot<br>Citicorp Cr Srvs/Centralized<br>Bankruptcy<br>Po Box 790040<br>St Louis, MO 63179 |
| | Costco Citi Card<br>Attn: Bankruptcy<br>Po Box 6500<br>Sioux Falls, SD 57117 |
| Department of Justice<br>Eastern District of NY (Brooklyn)<br>Alexander Hamilton Custom House<br>One Bowling Green<br>Room 510<br>New York, NY 10004-1408<br>USTPRegion02.BR.ECF@usdoj.gov<br>(via electronic notice and Email) | Credit One Bank<br>Attn: Bankruptcy Department<br>6801 Cimarron Rd<br>Las Vegas, NV 89113 |
| | Genesis FS Card Services<br>Attn: Bankruptcy<br>Po Box 4477<br>Beaverton, OR 97076 |

Kohls/Capital One
Attn: Credit Administrator
Po Box 3043
Milwaukee, WI 53201

Macys/fdsb
Attn: Bankruptcy
9111 Duke Boulevard
Mason, OH 45040

Nationstar Mortgage
P.O. Box 60516
City of Industry, CA 91716

Synchrony Bank/Gap
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896

Synchrony Bank/Lowes
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896

Synchrony Bank/TJX
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896

Target NB
C/O Financial & Retail Services
Mailstop BT PO Box 9475
Minneapolis, MN 55440

Volkswagen Credit, Inc
Attn: Bankruptcy
Po Box 3
Hillsboro, OR 97123

Volvo Car Financial Services
Atn: Bankruptcy
Po Box 91300
Mobile, AL 36691

Respectfully submitted,

/s/Jenelle C. Arnold
By: JENELLE C. ARNOLD
Aldridge Pite, LLP
3333 Camino del Rio South, Suite 225
San Diego CA 92108
Telephone: (858) 750-7600
Facsimile:
Email: jarnold@aldridgepite.com