**Aldridge Pite, LLP**
40 Marcus Drive, Suite 200
Melville, New York 11747
Tel: 631-454-8059 – Fax: 631-454-8169

March 5, 2025

Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
Courtroom 3585, United States Bankruptcy Court, 271- C
Cadman Plaza East, Brooklyn, New York 11201-1800

| | |
|---|---|
| Re: | Rosemarie Lopa |
| Creditor: | DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR2, MORTGAGE PASS-THROUGH CERTIFICATES Series 2006-AR2  (Servicer: PHH Mortgage Corporation) |
| Case: | 1-23-42457-ess |
| Property: | 454 Edinboro Road, Staten Island, NY 10306 |

Dear Judge Elizabeth S. Stong:

Our office represents DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR2, MORTGAGE PASS-THROUGH CERTIFICATES Series 2006-AR2 (Servicer: PHH Mortgage Corporation) ("Creditor") in this matter. An adjourned hearing on: (i) Creditor's *Motion for Relief from the Automatic Stay* ("Motion for Relief"); (ii) Creditor's *Motion to Dismiss Debtor's Chapter 11 Case* ("Motion to Dismiss"); (iii) Debtor's *Motion to Value Collateral* ("Motion to Value"); (iv) Debtor's *Chapter 11 Disclosure Statement* ("Disclosure Statement") and (v) a Chapter 11 Status Conference is scheduled for March 6, 2025. This will be the ninth hearing on the Motion for Relief, and the sixth hearing on the Motion to Dismiss.

MEDIATION

On February 27, 2025, the Parties attended the court-ordered mediation to resolve the above matters. The mediation closed without an agreement between the Parties.

STATUS OF COURT-ORDERED ADEQUATE PROTECTION PAYMENTS

On March 7, 2024, the court held an initial hearing on the Motion for Relief. At the hearing, the court ordered the Debtor to commence protection payments of $5,139.29 by March 15, 2024, in certified funds. Going forward, adequate protection payments are due by the 1st of each month starting in April 2024.

Since March 2024, Debtor has repeatedly failed to make the adequate protection payments on time. For instance, Debtor will make the payments late (or not at all). Further, Debtor will make the partial payments, sent via separate checks, on separate dates (often from third party accounts). While Creditor has repeatedly raised these issues with the Court, Debtor has a history of making the past due payments the day of the hearing (or after the hearing, after advising that the payments were made).

Currently, Debtor is in default on the adequate protection payments in the amount of **$11,257.24**. The

below breakdown of the payments due and received since March 2024 outlines the Debtor's late payment history, partial payments, and defaults:

| DATE DUE | Payment Due | DATE Received | Payments Received |
|---|---|---|---|
| 3/15/2024 | $ 5,139.29 | 4/11/2024 | $10,278.58 |
| 4/1/2024 | $ 5,139.29 | 5/21/2024 | $2,500.00 |
| 5/1/2024 | $ 5,139.29 | 5/30/2024 | $2,639.29 |
| 6/1/2024 | $ 5,139.29 | 6/5/2024 | $5,139.29 |
| 7/1/2024 | $ 5,139.29 | 6/27/2024 | $5,000.00 |
| 8/1/2024 | $ 5,139.29 | 6/27/2024 | $139.50 |
| 9/1/2024 | $ 5,139.29 | 9/13/2024 | $3,000.00 |
| 10/1/2024 | $ 5,139.29 | 10/1/2024 | $2,500.00 |
| 11/1/2024 | $ 5,139.29 | 10/15/2024 | $3,000.00 |
| 12/1/2024 | $ 5,139.29 | 10/15/2024 | $2,139.00 |
| 1/1/2025 | $ 5,139.29 | 10/15/2024 | $4,778.58 |
| 2/1/2025 | $ 5,139.29 | 11/13/2024 | $3,000.00 |
| 3/1/2025 | $ 5,139.29 | 11/13/2024 | $2,139.29 |
| | | 12/17/2024 | $3,100.00 |
| | | 1/8/2025 | $3,100.00 |
| | | 2/18/2025 | $3,100.00 |
| TOTAL DUE: | $ 66,810.77 | TOTAL PMTS: | $55,553.53 |

| Total Due | $ | 66,810.77 |
|---|---|---|
| Ttl Pmts | $ | 55,553.53 |
| DEFAULT | $ | 11,257.24 |

As shown above, the Debtor is unable to make the ongoing monthly adequate protection payment, and has disregarded the Court's Order to make the payment in the amount of $5,139.29 on multiple occasions. As shown above, Debtor has decided to change the payment amount unilaterally to $3,100.00, made the payments well after the first of the month, and has failed to make the payment for March, 2025. Again, these actions are in complete disregard of a Court order to make the payment of $5,529.29 on the first of the month. The Debtor's ability to make post-petition payments has been a concern addressed with the Court and Debtor's counsel from the very beginning of this case. Further, it is understood that Debtor is not making these payments, but is receiving inconsistent assistance from family members who are not Borrowers under the loan documents, have no legal obligation to make payments to Creditor, and who do not have any contractual relationship with Creditor

Given Debtor's default on the Court-ordered adequate protection payments, Creditor is concurrently filing an Affirmation of Default and proposed relief order.

MOTION FOR RELIEF

On February 9, 2024, Creditor filed its Motion for Relief. (Dkt No. 37). The Motion For Relief requested relief from the automatic stay under §362(d)(1) based on the large payment default of <$843,726.52>; and under §362(d)(2) based on the lack of equity in the Property (balance of $1,427,063 vs. Debtor's alleged value of $1,106,100). Since the filing of the Motion for Relief, Debtor now alleges the Property is worth only $750,000.00. Creditor provided Debtor's counsel with its appraisal, completed by a certified appraiser, which also appraised the property less than $1,427,063

On March 7, 2024, the court held an initial hearing on the Motion for Relief. At the hearing, the court ordered the Debtor to commence protection payments of $5,139.29 by March 15, 2024, in certified funds. Going forward, adequate protection payments are due by the 1st of each month starting in April 2024. As discussed above, Debtor is in default on the court-ordered payments to Creditor in the amount of **$11,257.24.**

Based on the Debtor's repeated failure to make timely or complete **court-ordered** payments, and the lack of income to fund a Plan, and lack of equity in the property, Creditor requests that the court grant the Motion for Relief.

MOTION TO DISMISS

On April 23, 2024, Creditor filed a Motion to Dismiss the Case on the grounds that there is no reasonable likelihood of a successful reorganization, and a continuing loss to the estate. (Dkt No. 55). Specifically, Debtor lacks the income to pay the Claim in full, cure the arrears owed, or make ongoing payments to Creditor. Pursuant to Debtor's Schedule I, the Debtor is unemployed and draws $1,972.00 from social security each month. However, the Claim listed monthly post-petition payments of $5,139.29 per month, which includes an escrow impound of $1,076.36 per month. (*See* Claim No. 14-2). The pre-petition arrears alone total $861,519.48. As a result, the Debtor lacks the income to maintain monthly mortgage payments, or pay the Claim/Arrears in full. Based on the lack of income to

fund a Plan and pay secured and unsecured claims, there is no likelihood of a successful reorganization.

Creditor respectfully requests that the Court grant dismissal at the hearing for the additional reasons discussed below.

MOTION TO VALUE

On July 18, 2024, the court held a prior hearing on the Motion to Value. At the hearing, the Court ordered the parties to participate in a meditation for the sole purpose of resolving the value of the Property.

Subsequently, Creditor obtained access to the Property and completed its appraisal report. Given the value of the Property, Creditor filed a *Notice of Election under 11 U.S.C. §1111(b)* (the "1111(b) Election"). (Dkt No. 86). Pursuant to §1111(b) Election, Creditor's Claim must be treated as **fully secured** in any Chapter 11 Plan, plus any post-petition escrow advances or recoverable fees. After a creditor has made the §1111(b) election, it must receive: (1) deferred payments equal to *at least* the full amount of its allowed secured claim; *and* (2) with a present value equal to *at least* the value of the subject property. §1129(b)(2)(A)(i)(II); *In re Brice Road Developments, LLC*, 392 B.R. 274, 284-85 (6th Cir. BAP 2008); *In re Weinstein*, 227 B.R. 284, 295 n. 12 (9th Cir. BAP 1998).

As Creditor's Claim must be treated as fully secured under its 1111(b) Election (at a minimum), Creditor believes the value of the Property is largely irrelevant and Debtor's Motion to Value should be denied as moot.

As discussed above, on February 27, 2025, the Parties attended the court-ordered mediation to resolve the above matters. The mediation closed without an agreement between the Parties.

DISCLOSURE STATEMENT & PLAN

On August 15, 2024, Creditor filed a [combined] *Objection to Approval of the Disclosure Statement and Plan* ("Objection"). (Dkt No. 87). First, the Plan provides no payment for the secured or unsecured claim. With respect to the secured claim, the Plan fails to address the interest rate, loan term, payment amounts, and payment dates. It is unclear when or how Creditor's secured claim will be paid. Second, as Creditor filed an §1111(b) Election, Debtor is prohibited from bifurcating the Claim into a secured and unsecured portion. The Plan must be amended to treat the Claim of $1,370,203.52 as fully secured and paid in full within the Plan term. Third, the Disclosure Statement and Plan fail to address the payment of taxes and hazard insurance for the Property going forward. Fourth, the Disclosure Statement contains no information regarding the Debtor's current income, prior income, cash flow, profit and loss statements, or liquidation analysis. Fifth, while the Debtor alleged the Plan will be funded from social security and family contributions, the Disclosure Statement and Plan contain no information regarding the identity of the family member, the amount of the alleged contribution, the duration of the alleged contribution, the ability of the family member to make ongoing contributions, and an affidavit from the family member regarding the alleged commitment to fund the Plan. Finally, as outlined in the Objection, there are multiple confirmation issues, which Debtor must address, including the lack of feasibility. Based on the foregoing, approval of the Disclosure Statement should be denied.

Given the Debtor's failure to comply with the court's order on adequate protection payments, and the lack of income to pay Creditor's fully secured claim under its 1111(b) Election, Creditor requests that the Court grant the Motion for Relief and the Motion Dismiss this Case.

Thank you for your time and consideration.

                                          Respectfully,

                                          /s/ Jenelle Arnold
                                        Jenelle Arnold

You may request a copy of this notice in an alternative, reasonably accommodatable format selected by Aldridge Pite, LLP such as large print, Braille, audio compact disc or other means, by calling Aldridge Pite, LLP at (631) 454-8059.