UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK - BROOKLYN DIVISION

---------------------------------------------------------------X          Case No. 1-23-42457-ess
In Re:

ROSEMARIE LOPA,                                                            Chapter 11

        Debtors.
---------------------------------------------------------------X

**<u>AFFIRMATION OF DEFAULT ON COURT-ORDERED PAYMENTS AND REQUEST FOR ENTRY OF ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY</u>**

      The undersigned attorney Jenelle C. Arnold, Esq., hereby makes the following *Affirmation of Default on Court Ordered Payments and Request for Entry of Order Granting Relief from the Automatic Stay* ("<u>Affirmation</u>"). In further support of this Affirmation, the undersigned respectfully states the following under penalty of perjury:

      1.     On February 9, 2024, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR2 ("<u>Creditor</u>"), through its loan servicer, PHH Mortgage Corporation ("<u>PHH</u>") filed its *Motion for Relief from the Automatic Stay* ("<u>Motion for Relief</u>"). (Dkt No. 37).

      2.     On March 7, 2024, the court held an initial hearing on the Motion for Relief. At the hearing, the court ordered the Debtor to commence protection payments of $5,139.29 by March 14, 2024, in certified funds. Going forward, adequate protection payments are due by the 1st of each month starting in April 2024. (*See* Court Docket Entry on 3/7/24).

      3.     Since March 2024, Debtor has repeatedly failed to make the adequate protection payments on time. For instance, Debtor will make the payments late (or not at all). Further, Debtor will make the partial payments, sent via separate checks, on separate dates (often from third party accounts). While Creditor has repeatedly raised these issues with the Court, Debtor has a history of making the past due payments the day of the hearing (or after the hearing, after advising that

the payments were made).

4. Currently, Debtor is in default on the adequate protection payments in the amount of **$11,257.24**. The below breakdown of the payments due and received since March 2024 outlines the Debtor's late payment history, partial payments, and defaults:

| DATE DUE | Payment Due | DATE Received | Payments Received |
|---|---|---|---|
| 3/15/2024 | $ 5,139.29 | 4/11/2024 | $10,278.58 |
| 4/1/2024 | $ 5,139.29 | 5/21/2024 | $2,500.00 |
| 5/1/2024 | $ 5,139.29 | 5/30/2024 | $2,639.29 |
| 6/1/2024 | $ 5,139.29 | 6/5/2024 | $5,139.29 |
| 7/1/2024 | $ 5,139.29 | 6/27/2024 | $5,000.00 |
| 8/1/2024 | $ 5,139.29 | 6/27/2024 | $139.50 |
| 9/1/2024 | $ 5,139.29 | 9/13/2024 | $3,000.00 |
| 10/1/2024 | $ 5,139.29 | 10/1/2024 | $2,500.00 |
| 11/1/2024 | $ 5,139.29 | 10/15/2024 | $3,000.00 |
| 12/1/2024 | $ 5,139.29 | 10/15/2024 | $2,139.00 |
| 1/1/2025 | $ 5,139.29 | 10/15/2024 | $4,778.58 |
| 2/1/2025 | $ 5,139.29 | 11/13/2024 | $3,000.00 |
| 3/1/2025 | $ 5,139.29 | 11/13/2024 | $2,139.29 |

| | | | 12/17/2024 | $3,100.00 |
| --- | --- | --- | --- | --- |
| | | | 1/8/2025 | $3,100.00 |
| | | | 2/18/2025 | $3,100.00 |
| TOTAL DUE: | $ | 66,810.77 | TOTAL PMTS: | $55,553.53 |

| Total Due | $ | 66,810.77 |
| --- | --- | --- |
| Ttl Pmts | $ | 55,553.53 |
| DEFAULT | $ | 11,257.24 |

5. On March 5, 2025, Creditor filed a Status Report, Affirmation of Non-Compliance, and proposed relief order based on the above defaults under the Court's prior order. (Dkt Nos. 112-113).

6. On March 6, 2025, the Court held an adjourned status hearing whereat the Court ordered the Debtor to cure the default of $11,257.24 no later than March 14, 2025. (See Court Docket entry dated 3/6/25)

7. As of the date of this Affirmation, **Debtor has yet to cure the court-ordered default amount of $11,257.24.** Further, although Creditor provided the Debtor with a proposed conditional order as directed by the Court, the Debtor has yet to provide approval of the same. As a result, Creditor hereby submits the attached Order Lifting the Automatic Stay ("Relief Order") attached hereto as **Exhibit 1**.

8. Creditor respectfully requests that the Court enter the Relief Order based on the Debtor's default on the court-ordered payments outlined above.

March 20, 2025

    Respectfully submitted,

    */s/ Jenelle Arnold*
    Jenelle Arnold
    Attorney for Creditor
    Aldridge Pite, LLP
    3333 Camino Del Rio S
    Suite 225

San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
Email: JArnold@aldridgepite.com